IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RYAN WALKER, et al.**                                                                                   **PLAINTIFF**

v.                                                                                         No. 3:20-CV-163-MPM-RP

**BENTON COUNTY, MISSISSIPPI, et al.**                                                       **DEFENDANT**

## ORDER GRANTING MOTION TO STRIKE

Before the court is Defendants' Motion to Strike certain exhibits and expert witnesses from the pretrial order. ECF #95. Defendants claim that on the eve of the pretrial conference in this case, Plaintiff served 2,444 pages of medical records, the majority of which had not been previously disclosed. As such, Defendants request that the exhibits be excluded from the pretrial order. In connection to this request, Defendants also ask the court to strike one of Plaintiff's experts and to limit the testimony of another. The court finds the motion is well taken and should be granted.

Federal Rule of Civil Procedure 26 governs parties' obligations to disclose the documents, ESI and tangible things they may use to support their claims and defenses, as well as the parties' obligations to supplement their disclosures and responses to discovery requests. Rule 26(a)(1)(A) requires that a party must, without awaiting a discovery request, provide to the other parties:

> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support is claims or defenses, unless the use would be solely for impeachment….

Rule 26(e)(1)(A) requires the party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties

during the discovery process or in writing." Moreover, "[t]he discovery deadline is that date by which all responses to written discovery, including supplementation of responses, required by the Federal Rules of Civil Procedure must be made[]." L.U.Civ.R. 26(b)(1).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, No. 3:03-cv-60-P-D, 2009 WL 3246630, at *2, (N.D. Miss. Sept. 30, 2009) (quoting *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)).

Plaintiff served the disputed medical records on the Defendants on June 20, 2022, over three months after the close of discovery in this case. Plaintiff argues that the supplementation is merely more detailed documentation of records already produced. Nonetheless, the supplementation was well outside the discovery period and therefore untimely.

When the court finds a violation of Rule 26, it looks to four factors to determine if the violation is harmless: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

Plaintiff offers little argument as to the importance of the evidence. Instead, Plaintiff states that the documents are merely more detailed documentation of treatments already disclosed. On the other

hand, the prejudice to the Defendants is readily apparent. Plaintiff states that the sheer volume of documents is inconsequential given that the Defendants already knew of all the dates and nature of the treatment given to the Plaintiff. The court disagrees. The volume of documents produced strikes at the heart of the prejudice Defendants will suffer if these documents are allowed to be included in the pretrial order. If the untimely disclosure is allowed, Defendants would be forced to review over 2,000 pages of new documents in the short amount of time left before trial, without the opportunity to conduct any follow-up discovery of their own. This is precisely the type of "unfair surprise" that the discovery rules and deadlines seek to avoid.

As to the possibility of a continuance, none has been requested, nor does the court think one would be appropriate given the timing of the supplementation. As to Plaintiff's explanation for the untimely disclosure, Plaintiff claims that it is not at fault for the delay in production of the records. While the court appreciates that this may be the case, it does little to outweigh the prejudice that will be suffered by the Defendants if the records are allowed. After a balancing of the relevant factors, the court concludes that the untimely production of these documents is not harmless or substantially justified.

Therefore, the motion to strike exhibits will be GRANTED. The following exhibits, by Bates Number, are STRICKEN from the pretrial order: 96-154, 155-264, 265-353, 907-909, 913-1077, 1080-1938, 1938-1942, 1946-2001, 2002-2003, 2006-2064, 2065-2145, 2146-2207, 2208-2226, 2232-2267, 2268-2281, 2284-2317, 2318-2328, 2339-2382, 2440.

Defendants also request that Dr. Velamuri be stricken as an expert witness for Plaintiff due to Plaintiff's failure to designate him as an expert witness during discovery, and Defendants request that Dr. Hickerson, who was timely designated as an expert, be prohibited from testifying about matters contained in the late-disclosed medical records. Plaintiff consents to striking Dr. Velamuri, and the

court hereby does so. As to Dr. Hickerson, the court orders that his testimony will be limited to the facts and opinions provided in Plaintiff's formal designation of him as an expert and/or contained in the produced treatment records, <u>excluding those records stricken by this order</u>. *See Benton v. Wal-Mart Stores East, LP*, No. 3:11cv313-TSL-MTP, 2012 WL 1657134, *1-2 (S.D. Miss. May 10, 2012) (holding where no formal expert designation was provided, testimony of treating physicians listed in interrogatory response was limited to scope and content of provided medical records); *Bunch v. Metropolitan Cas. Ins. Co.*, No. 5:10-cv-104-DCB-JMR, 2011 WL 1304459, *2 (S.D. Miss. April 6, 2011) (holding plaintiffs were allowed to rely on medical records as descriptions of opinions about which treating physicians would testify); *Duke v. Lowe's Homes Centers, Inc.*, No. 1:06CV207-P-D, 2007 WL 3094894, *1 (N.D. Miss. Oct. 19, 2007) (holding that in absence of written report and other information required by Rule 26(a)(2)(B), testimony of identified treating physicians was limited to facts and opinions contained in medical records).

      **SO ORDERED**, this the 8th day of July, 2022.

                                        /s/ Roy Percy
                                        UNITED STATES MAGISTRATE JUDGE